**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**



| | | |
|---|---|---|
| BURL I. NEWTON and | : | **CIVIL ACTION NO.** 3:11CV493 |
| SHARON C. NEWTON | : | |
| | : | |
| **Plaintiffs** | : | **JUDGE** _____ |
| | : | |
| **VERSUS** | : | |
| | : | **MAGISTRATE JUDGE** _____ |
| BANK OF McKENNEY and | : | |
| WILLIAM D. ALLEN, III | : | |
| | : | |
| **Defendants** | : | **JURY TRIAL DEMANDED** |

<u>**COMPLAINT**</u>

    1.  Plaintiffs BURL I. NEWTON and SHARON C. NEWTON, bring this action for damages and other relief against Defendants BANK OF McKENNEY ("BOMK") and WILLIAM D. ALLEN, III ("ALLEN"), resulting from violations by Defendants of the protections afforded by the Servicemembers Civil Relief Act, 50 U.S.C. App. §§501 *et seq.*, to members of the United States Armed Forces and their dependents.  Plaintiffs seek all appropriate relief, including injunctive relief, monetary damages, costs and attorneys fees, as a result of the violations of Plaintiffs' rights under the SCRA by BOMK and ALLEN.

    2.  Plaintiffs show that Defendant BOMK violated their rights by failing and refusing to lower the interest rate on certain pre-service obligations for which both Plaintiffs were personally liable to no more than 6% per annum interest after Plaintiff Sharon C. Newton was called to active duty with the United States Navy in June 2005.  The refusal by BOMK to lower the

after Plaintiff Sharon C. Newton had provided to BOMK appropriate documentation of her

mobilization to active military duty and had made written demand on BOMK for the relief

provided to her and to her spouse, Plaintiff Burl I. Newton, by the SCRA, specifically 50 U.S.C.

App. §§ 513 and 527.  When the demand for protection under the SCRA was made, BOMK

never asserted any claim that Plaintiffs were not materially affected by the call to active military

duty of Plaintiff Sharon C. Newton and are now estopped for making any such claim.  BOMK

and ALLEN further violated the SCRA by illegally conducting non-judicial seizures and

foreclosures on property that was mortgaged and encumbered to secure repayment of the loans

for which BOMK had refused to lower the interest rate as required by the SCRA, or loans which

were cross-collateralized with loans for which BOMK had wrongfully refused to lower the

interest rate as required by the SCRA.  The violations of the SCRA by BOMK and ALLEN have

caused, and continue to cause, damages to Plaintiffs, including consequential damages and both

economic and non-economic damages, including but not limited to loss of value of their

businesses, loss of profits from their businesses, damages to their credit score, emotional

distress, embarrassment and humiliation.

### PARTIES

3.  Plaintiffs Burl I. Newton and Sharon C. Newton are residents of the full age of

majority of Virginia.  At the present time, Plaintiff Sharon C. Newton is on active duty with the

United States Navy, serving in the grade of Captain and working as a nurse practitioner in the

Naval Hospital in San Diego, California.

4. Defendant Bank of McKenney, is a banking corporation organized pursuant to the laws of Virginia with its principal place of business in McKenney in the County of Dinwiddie, Virginia.

5. Defendant William D. Allen, III, is an attorney at law, whose principal place of business is located at 13927 Boydton Plank Road, Dinwiddie, Virginia 23841.

## JURISDICTION AND VENUE

6. The claims asserted herein arise under the SCRA, 50 U.S.C. App. §§501-597b.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 in that the claims arise under the laws of the United States. A private cause of action for damages arising from violations of the SCRA is specifically provided for in 50 U.S.C. App. §597a.

8. Defendant BOMK routinely conducts business in this district and the loan contracts involved in this matter were to be performed in whole or in part in Virginia. Defendant ALLEN conducted the non-judicial foreclosure sales that form the basis for portions of this suit for damages in this district and also resides in this district. Therefore, the Defendants are subject to personal jurisdiction in this Court. Defendant BOMK has appointed Defendant ALLEN as its agent for service of process.

9. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c), in that a substantial part of the events giving rise to the claims occurred in this district.

## FACTS

10. Plaintiffs were the owners and operators of Edgehill Ace Hardware, Inc. ("Edgehill"), a hardware business formerly located in Dinwiddie, Virginia. Plaintiffs borrowed funds from Defendant BOMK pursuant to a Small Business Administration ("SBA") note

executed on or about July 6, 1998, in an original principal amount of $700,000.00, bearing interest at a rate of 10.25% per annum ("the SBA Note"). No further funds were advanced by BOMK or obligations incurred by Plaintiffs on the SBA Note after it was executed on or about July 6, 1998, although the SBA Note was modified on subsequent occasions. At the time the SBA Note was executed, Plaintiff Sharon C. Newton was not on active duty with the United States Navy.

11. Plaintiffs were required to and did personally guarantee the full and faithful payment and performance of the SBA Note. To that end, they executed an SBA Guaranty on or about July 6, 1998 in favor of BOMK, by which they incurred personal liability on the SBA Note.

12. To secure payment of the SBA Note and certain other obligations, the Plaintiffs executed Deeds of Trust and other security instruments for various parcels of real estate and the inventory, equipment and fixtures of Edgehill in favor of BOMK. Defendant ALLEN was named as the Trustee in the Deeds of Trust. The obligations of Edgehill were cross-collateralized with obligations of other entities owned by Plaintiffs, including B&S Commercial Properties, LC ("B&S"), by which a default on any of the obligations of Edgehill, B&S or Plaintiffs individually would constitute a default on any or all of the obligations of Edgehill, B&S and/or Plaintiffs to BOMK.

13. In May 2005, Plaintiff Sharon C. Newton, who at the time was a member of the United States Navy Reserve but not on active duty, was notified that she was being ordered to active duty with the United States Navy. At that time, Plaintiff Sharon C. Newton was a Commander in the Naval Reserve, serving as a nurse practitioner. She has been on continuous active duty since June 2005 and is currently serving in the grade of Captain.

-4-

14. Because Plaintiff Sharon C. Newton was an integral part of the management of Edgehill, her absence from the business materially affected the business. In addition to the loss to Edgehill's management of her time and effort, because of the absence of Plaintiff Sharon C. Newton and the need to expend additional sums to support two separate living arrangements after Plaintiff Sharon C. Newton went on active military duty and was stationed away from her home, Plaintiffs were materially affected by virtue of the call to active military duty of Plaintiff Sharon C. Newton.

15. When Plaintiff Sharon C. Newton was notified in May 2005 of her call to active military duty in a manner that materially affected her, all of her pre-service obligations, including her personal obligation as guarantor of the SBA Note and any other obligations owed to Defendant BOMK, became subject to the protections of the SCRA, including but not limited to the protection against non-judicial foreclosure, the protection against non-judicial termination of installment contracts, the protection against interest rates in excess of 6% per annum, the protection against default judgments entered except in strict conformity with the SCRA and the protection against non-judicial evictions.

16. Pursuant to 50 U.S.C. App. § 513, Petitioner Burl I. Newton is also entitled to the protections of the SCRA due to the active military duty status of his spouse, Plaintiff Sharon C. Newton.

17. Plaintiffs had other interest-bearing obligations to BOMK in addition to the SBA Note. Pursuant to 50 U.S.C. App. § 527, on June 15, 2005, Plaintiff Sharon C. Newton made written demand on BOMK for a reduction of the interest rate on all of the obligations for which she was personally liable, including the SBA Note, to no more than 6% per annum, and supplied

BOMK with copies of her active duty orders.  BOMK acknowledged receipt of that notice on June 17, 2005 in a letter from Kimberly Swain, assistant vice president, dated July 8, 2005. Initially, Defendant BOMK granted Plaintiffs' interest rate reduction request as to all obligations owed to the BOMK for which Plaintiffs were either personally liable or for which they had executed personal guarantees.  Although BOMK indicated that they would consult with the SBA to obtain the SBA's approval to lower the interest rate on the SBA Note, initially BOMK lowered the interest rate on all of Plaintiffs' obligations (including the SBA Note) to 6% per annum.

18.  On February 21, 2006, BOMK advised Plaintiffs that it had reversed its position on the interest rate reduction for the SBA Note.  On that date, BOMK notified Plaintiffs in writing that it was charging Plaintiffs interest at the contract rate stated in the SBA Note, retroactive to August 2005.  BOMK advised Plaintiffs that the reversal of its position on the maximum interest rate that could be charged on the SBA Note was because BOMK had been advised by the SBA that the SBA Note, since it was a corporate debt, was not protected by the SCRA.  The decision by BOMK to reject Plaintiffs' demands concerning the interest rate on the SBA Note had nothing to do with any assertion by BOMK that Plaintiffs were not materially affected by the call to active military service of Plaintiff Sharon C. Newton.  Instead, BOMK's decision was based solely on incorrect advice from the SBA that a corporate promissory note was not covered by the SCRA.  At no time in 2005 or 2006 did BOMK ever seek judicial relief from the request for interest rate reduction pursuant to 50 U.S.C. App. § 527(c).  Instead, BOMK made a unilateral decision to deny Plaintiffs the protections to which they were entitled under 50 U.S.C. App. § 527.

-6-

19. From the point in time when Plaintiff Sharon C. Newton received her orders to active military duty in May 2005, Plaintiffs were entitled to the protections of the SCRA regarding the SBA Note, including the right to have the interest rate reduced to no more than 6% per annum and to be protected from non-judicial seizures and foreclosures, because they had personally guaranteed the debt of Edgehill, the maker of the SBA Note.

20. On information and belief, Plaintiffs allege that when BOMK inquired of the SBA if the interest rate on the SBA Note was subject to the protections of the SCRA, BOMK failed to advise the SBA that the Plaintiffs had personally guaranteed the SBA Note as though it was their personal obligation, and that Plaintiff Sharon C. Newton had thereafter been ordered to active military duty. Had BOMK given the SBA the complete facts, the interest rate on the SBA Note would have – and should have – been reduced to no more than 6% per annum, as were the interest rates on all of the Plaintiffs' other obligations to BOMK.

21. Because of the failure and refusal of BOMK to lower the interest rate on the SBA Note to no more than 6% per annum, a default occurred in payment of the SBA Note. That default triggered the default on all the other cross-collateralized obligations owed by Plaintiffs and their various business entities to BOMK, and BOMK proceeded to enforce its security interests against Plaintiffs and their businesses in violation of the SCRA.

22. On April 25, 2007 and again on May 23, 2007, acting through its trustee, Defendant ALLEN, the Defendants conducted non-judicial seizures and foreclosures on property owned by Plaintiffs or by companies or corporations owned by them and for which they were personally liable to BOMK on secured obligations. Despite the fact that both Defendant BOMK and Defendant ALLEN knew that Plaintiff Sharon C. Newton was on active military duty,

-7-

Defendants BOMK and ALLEN failed to file suit prior to such seizures and foreclosures and

failed to obtain any valid court order authorizing such seizures and foreclosure sales, in violation

of the SCRA.  The non-judicial foreclosures and seizures resulted in the seizure of all of the

inventory, equipment and fixtures of Edgehill, along with the seizure of the real estate on which

Edgehill was being operated, thus essentially putting Plaintiffs out of business.   Defendant

ALLEN auctioned off Plaintiffs' property after the illegal seizures and foreclosures.

**FIRST CAUSE OF ACTION**

**CLAIM FOR RELIEF UNDER 50 U.S.C. APP. § 533**

23.  Plaintiffs seek all protection available pursuant to 50 U.S.C. App. §533, including a

stay of any foreclosure proceedings for so long as Plaintiff Sharon C. Newton remains on active

duty with the United States Navy, plus a period of nine months following her release from active

military duty.

24.  Alternatively, Plaintiffs seek all relief from this Court that may be granted under 50

U.S.C. App. § 533 for the restructuring of any debt owed by them to BOMK on the SBA Note or

any other obligation to the maximum extent allowed under the SCRA and for any and all

additional relief that may be granted pursuant to 50 U.S.C. App. § 533.

**SECOND CAUSE OF ACTION**

**VIOLATION OF 50 U.S.C. APP. § 527**

25.  Plaintiffs show that the BOMK, by failing and refusing to lower the interest rate on

all obligations owed by or personally guaranteed by either Plaintiff, including the SBA Note, to

no more than 6% per annum interest from the date of the notification of mobilization to active

military duty of Plaintiff Sharon C. Newton and continuing to a point in time that is one year

-8-

after the release from active duty of Plaintiff Sharon C. Newton, violated 50 U.S.C. App. § 527 and caused damages to Plaintiffs.

26.  As a result of the actions of Defendant BOMK, Plaintiffs have suffered damages, including consequential damages and both economic and non-economic damages, including but not limited to loss of value of their businesses, loss of profits from their businesses, damages to their credit score, emotional distress, embarrassment and humiliation.

27.  Defendant BOMK is therefore liable to Plaintiffs for all of their damages, including actual and punitive damages, prejudgment interest, costs and reasonable attorneys fees, all as allowed by 50 U.S.C. App. § 597a.

**THIRD CAUSE OF ACTION**

**VIOLATION OF 50 U.S.C. APP. § 533**

28.  Plaintiffs show that on April 25, 2007 and again on May 23, 2007, Defendants BOMK and ALLEN conducted non-judicial seizures and foreclosures on property owned by Plaintiffs or by companies or corporations owned by them and for which they were personally liable on the secured obligations, including the SBA Note.  Despite the fact that Defendants knew that Plaintiff Sharon C. Newton was on active military duty, Defendants failed to file suit prior to such seizures and foreclosures and failed to obtain valid court orders authorizing such seizures and foreclosure sales, in violation of the SCRA rights of Plaintiffs.

29.  The non-judicial foreclosures and seizures conducted by Defendants were in violation of 50 U.S.C. App. § 533 and caused significant damages to Plaintiffs, essentially putting Edgehill out of business.

30.  As a result of the actions of Defendants BOMK and ALLEN, Plaintiffs have suffered

damages, including consequential damages and both economic and non-economic damages, including but not limited to liability for debt obligations on a business, including the Edgehill inventory, equipment and fixtures, that has now been wrongfully seized and sold, loss of value of their businesses, loss of profits from their businesses, damages to their credit score, emotional distress, embarrassment and humiliation.

31.  Defendants BOMK and ALLEN are therefore liable to Plaintiffs for all of their damages, including actual and punitive damages, prejudgment interest, costs and reasonable attorneys fees, all as allowed by 50 U.S.C. App. § 597a.

## FOURTH CAUSE OF ACTION

## VIOLATION OF 50 U.S.C. APP. § 596

32.  When Defendants BOMK and ALLEN conducted illegal non-judicial seizures and foreclosures on the property of Plaintiff, or businesses owned by or controlled by them, on April 25, 2007 and again on May 23, 2007, the Defendants caused to be seized and subsequently sold, in addition to the property associated with their trade or business which was subject to the various security instruments involved with the SBA Note and other obligations owed to BOMK by Plaintiffs, certain assets of Plaintiffs which were not held in connection with their trade or business.

33.  The seizure and subsequent sale by auction by Defendants BOMK and ALLEN of personal property of Plaintiffs not held by them in connection with their trade or business was a violation of 50 U.S.C. App. § 596.

34.  As a result of the actions of Defendants BOMK and ALLEN, Plaintiffs have suffered significant damages.

-10-

35. Defendants BOMK and ALLEN are therefore liable to Plaintiffs for all of their damages, including actual and punitive damages, prejudgment interest, costs and reasonable attorneys fees, all as allowed by 50 U.S.C. App. § 597a.

## FIFTH CAUSE OF ACTION

## VIOLATION OF 50 U.S.C. APP. § 518

36. After conducting the wrongful non-judicial seizures and foreclosures as alleged above on April 25, 2007 and May 23, 2007, Defendant BOMK took steps to report those seizures and foreclosures to the main credit reporting agencies, for inclusion in the credit histories of Plaintiffs.

37. By reporting illegal non-judicial seizures and foreclosures to the credit reporting agencies, Defendant BOMK violated 50 U.S.C. App. § 518(1) by reporting that a person protected by the SCRA was "unable to pay the civil obligation or liability in accordance with its terms."

38. Pursuant to 50 U.S.C. App. § 518(3), it was a violation of the SCRA when Defendant BOMK, as a result of Plaintiff Sharon C. Newton invoking her rights to protection under the SCRA, provided "an adverse report relating to the creditworthiness of the servicemember by or to a person engaged in the practice of assembling or evaluating consumer credit information."

39. The willful breach of these provisions of 50 U.S.C. App. § 518 by Defendant BOMK has caused the Plaintiffs actual damages, including consequential damages, damages from loss of credit score and other damages which will be proven at trial of this matter.

40. Plaintiffs are entitled to damages from Defendant BOMK for damages, including actual and punitive damages, prejudgment interest, costs and attorneys fees, all as allowed by

50 U.S.C. App. § 597a.

## SIXTH CAUSE OF ACTION

## APPLICATION FOR RELIEF PURSUANT TO 50 U.S.C. APP. §§ 527 AND 591

41.  Alternatively, Plaintiffs show that the obligations under the SBA Note, for which Plaintiff Sharon C. Newton is personally liable and by which she is protected under the SCRA, and for which Plaintiff Burl I. Newton is likewise protected pursuant to 50 U.S.C. App. § 513, arose prior to the active military duty of Plaintiff Sharon C. Newton.

42.  Pursuant to 50 U.S.C. App. §§ 527 and 591, Plaintiffs show that they are materially affected in their ability to pay any debts owed to Defendant BOMK at the contract rate of interest and on the original terms provided in the SBA Note.

43.  Plaintiffs seek the relief provided in 50 U.S.C. App. § 527 to reduce the interest rate on the SBA Note, retroactive to June 2005, to no more than 6% per annum.  Furthermore, because the SBA Note is secured by a mortgage on real estate, Plaintiffs show that the duration of the 6% per annum cap on interest on the SBA Note must extend for a period of 12 months after the release of Plaintiff Sharon C. Newton from active military duty.

44.  Pursuant to 50 U.S.C. App. § 591, Plaintiffs seek an order of this Court staying the obligations under the SBA Note retroactive to June 15, 2005 and for the duration of the active military duty of Plaintiff Sharon C. Newton.  Additionally, because the SBA Note is secured by a mortgage (in the form of a Deed of Trust) on real estate, pursuant to 50 U.S.C. App. § 591(b)(1)(B), Plaintiffs seek an order of this Court extending the period during which any payments on the SBA Note are stayed for an additional period equal to the entire period of active military duty of Plaintiff Sharon C. Newton since June 2005 and until her discharge, with any

-12-

deferred amount to be aggregated and added to the remaining balance due on the SBA Note, and amortized over the remaining life of the loan.

## SEVENTH CAUSE OF ACTION

## APPLICATION FOR INJUNCTIVE RELIEF

45.  In the further alternative, because the actions of Defendants BOMK and ALLEN in violation of the SCRA have essentially caused Edgehill to go out of business, Plaintiffs seek injunctive relief from this Court preventing Defendant BOMK from any action against them seeking to enforce or collect upon the SBA Note.  Plaintiffs' ability to repay the SBA Note has been materially prejudiced by the illegal seizure and subsequent sale by auction by Defendants BOMK and ALLEN of the inventory, equipment and fixtures of Edgehill, depriving Plaintiffs of the ability to generate revenue from the operation of Edgehill to make payments on the SBA Note.  Because the actions of Defendants BOMK and ALLEN in conducting non-judicial foreclosures and seizures in violation of the SCRA have deprived Plaintiffs of their business, in addition to the damages sought above, Defendant BOMK should be enjoined from any effort to collect any outstanding balance claimed to be owed on the SBA Note.

## JURY TRIAL DEMANDED

46.  Plaintiffs hereby demand a jury trial on all claims so triable.

WHEREFORE, Plaintiffs, BURL I. NEWTON and SHARON C. NEWTON pray that this Complaint be filed and deemed good and sufficient, and after due proceedings had, there be judgment herein in favor of Plaintiffs BURL I. NEWTON and SHARON C. NEWTON and against Defendants, BANK OF McKENNEY and WILLIAM D. ALLEN, III,  for damages as prayed for above, relief under 50 U.S.C. App. §§ 527, 533 and 591 as prayed for above, such

-13-

injunctive relief as may be necessary to provide the relief sought and such additional orders as

justice and equity may require, plus reasonable attorneys fees and all costs of these proceedings.

Respectfully submitted,

RAWLS, MCNELIS & MITCHELL, P.C.

BY: _____
     Edward J. McNelis, III, Bar No. 34003
     1111 East Main Street, Suite 1701
     Richmond, VA 23219
     Phone (804) 344-0038
     Fax (804) 782-0133
     Emcnelis@RawlsMcNelis.com

COUNSEL FOR PLAINTIFFS